DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

SANGHAVI JEWELS, INC.,            )
                                  )
        Plaintiff,                )
                                  )
        v.                        )   Civil No. 2011-30
                                  )
JAD M. SHALHOUT and AYIHAM        )
ENTERPRISES, INC. d/b/a SPECTRUM  )
JEWELERS,                         )
                                  )
        Defendants.               )
                                  )

ATTORNEYS:

**Karin A. Bentz, Esq.**
Law Office of Karin Bentz, P.C.
St. Thomas, U.S.V.I.
   *For Sanghavi Jewels, Inc.*

**Arturo R. Watlington, Jr., Esq.**
Law Offices of Arturo Watlington
St. Thomas, U.S.V.I.
   *For Jad M. Shalhout and Ayiham Enterprises, Inc. d/b/a Spectrum Jewelers.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court are two motions by Sanghavi Jewels, Inc. ("Sanghavi"). The first is a motion for approval of the settlement agreement between Sanghavi, Jad M. Shalhout and Ayiham Enterprises, Inc. d/b/a Spectrum Jewelers (collectively, the "defendants"). The second is a motion for entry of a consent judgment against the defendants.

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2011, Sanghavi and the defendants entered into a settlement agreement in this action. The agreement provided that the defendants would pay $318,000 to Sanghavi in agreed upon installments. The agreement further provided that Sanghavi and the defendants would execute a consent judgment pursuant to which the defendants would pay Sanghavi a sum of $461,636.60 in the event that the defendants defaulted under the settlement agreement.

During mediation proceedings between the parties on that same date, counsel for the defendants, Arturo Watlington ("Watlington"), and for Sanghavi, Karin A. Bentz ("Bentz"), recited the terms of the settlement agreement:

> THE COURT: In this matter the parties have reached a resolution. And, Karin, will you put it on the record?
>
> MS. BENTZ: Yes. The plaintiff has agreed to accept from the defendant, consent judgment in the amount of $461,636.60 against, by -- from Mr. Jad M. Shalhout and his corporation, Ayiham Enterprises Inc., d/b/a Spectrum Jewelers.
>
> That will be a separate document, and in addition there will be another side agreement in which the total sum of $318,000 will be paid to the plaintiff, payable as follows.
>
> $5,000 tomorrow which is December -- which is November 8th into my trust account, law offices of Karin A. Bentz, PC, Trust Account.
>
> $5,000 on November 30th, 2011.

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 3

>     $10,000 on December 15th, 2011.
>
>     The 15th -
>
>     MR. WATLINGTON:  November 15th.
>
>     MS. BENTZ:  -- 2011.
>
>     Four payments of $14,500 payable on January 15th, February 15th, March 15th, and April 15th, 2012, and the remaining balance in $12,000 payments for -- for over 20 months.
>
>     In addition, the parties have made another agreement that if the total sum of $2,700 -- $270,000 cash is paid by December 10th 2011, the plaintiffs will consider themselves paid in full.
>
>                     . . . .
>
>     MS. BENTZ:  Both sides to waive attorney fees and costs, responsible for each of their own attorneys fees and the -- I will draft the papers -- and the consent judgment must be signed and the papers executed within the next 10 days.  Is that agreeable?
>
>     MR. WATLINGTON:  Just send it to me by e-mail.

(Nov. 7, 2011 Mediation, Tr. 16:09:40-16:11:58, 16:12:20-16:12:40). Counsel for the plaintiff then clarified some terms of the settlement agreement:

>     UNIDENTIFIED MALE:  When you say the balance, payment of 20 monthly payments, you didn't say start April, 2012.
>
>     MR. WATLINGTON:  The remaining balance.
>
>     MS. BENTZ:  Yeah, the remaining -- starting in May 12th, the payments become $12,000 a month for 20 months until the balance is paid in full.

> If there is a default on any of these payments by the due date, the plaintiff will be allowed to execute immediately on the consent judgment.

*Id*. at 16:12:50-16:13:16. The Court then ensured that each of the parties was satisfied with the agreement and that they understood that the settlement would end the litigation:

> THE COURT: Let me ask your clients. You've heard the statements of your attorney.
>
> MR. JOBANPUTRA: Yes, sir.
>
> THE COURT: Do her statements represent the settlement in this case?
>
> MR. JOBANPUTRA: Yes.
>
> MR. KEHLON: Yes.
>
> THE COURT: Do you have any questions about it?
>
> MR. JOBANPUTRA: No, Your Honor.
>
> THE COURT: Okay. Now, let's go over to you. I ask you first, Mr. Watlington, you have heard the payment as to the settlement of this case as presented by the plaintiffs' counsel. Do you agree with that presentation?
>
> MR. WATLINGTON: I agree to that presentation that represents what is agreed upon between Mr. Shalhout and the plaintiffs.
>
> THE COURT: Let me ask your client. You've heard the statements of the plaintiffs' counsel respecting the settlement, also your counsel's approval of the statement and approval of the settlement. Do you approve this settlement?
>
> MR. SHALHOUT: Yes, sir.
>
> THE COURT: Are you satisfied with this settlement?

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 5

> MR. SHALHOUT: Yes, Your Honor.
>
> THE COURT: Do you have any questions at all about this settlement?
>
> MR. SHALHOUT: No, sir.
>
> THE COURT: You realize -- I'm directing this to both sides -- today is in effect your day in court. I mean, when this thing is entered, there's no trial. It's all done, as far as that is concerned.
>
> Of course, if the agreement is not carried out somewhere along the line, you do what you've agreed to do.
>
> Do you understand that, too? And I direct that to defendant's counsel –
>
> MR. SHALHOUT: Yes, sir.
>
> THE COURT: -- defendant, rather. Do you have any questions to me about this settlement?
>
> MR. WATLINGTON: No, Judge, just to thank you.
>
> MS. BENTZ: Yes, thank you.
>
> MR. WATLINGTON: For allowing us to go about it.

*Id*. at 16:13:38-16:15:10.

Pursuant to the settlement agreement, the defendants made a payment of $5,000 on November 8, 2011.

Thereafter, on November 23, 2011, the Court entered an order recognizing that it had "been advised by counsel that this action has been settled." (Nov. 23, 2011, Order 1, ECF No. 37). The Court vacated the trial setting and denied all pending motions without prejudice. Additionally, the Court ordered that

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 6

> counsel shall file, within thirty (30) days of the date of this order, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment. Failure to timely comply with this order may result in the dismissal of this action.

*Id*. at 2. The Court did not order this matter dismissed.

The parties did not comply with the Court's November 23, 2011, order.

The defendants made a payment of $10,000 on December 19, 2011. The defendants have failed to make any further payments. The defendants also failed to execute the settlement agreement and the consent judgment as agreed during the mediation proceedings.

Sixty days later, on January 6, 2012, Sanghavi filed a motion to compel the defendants to execute the settlement agreement and the consent judgment. The defendants did not file an opposition.

On January 17, 2012, Sanghavi filed an amended motion to compel which is substantially similar to its first motion to compel. Thereafter, the Magistrate entered an order finding as moot the January 6, 2012, motion.

Subsequently, on March 31, 2012, Sanghavi filed a motion for entry of a consent judgment. In that motion, Sanghavi requests that the Court enter judgment consistent with the terms

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 7

agreed upon by the parties during the November 7, 2011, mediation proceedings.

The defendants have not opposed Sanghavi's motions.

## II. <u>ANALYSIS</u>

### A. Motion to Compel

Sanghavi moves the Court to compel the defendants to execute the settlement agreement and a consent judgment. Sanghavi's motion is in effect a request to enforce the terms of the parties' oral settlement agreement. (Nov. 7, 2011, Mediation, Tr. 16:12:20-16:12:40) ("I will draft the papers – and the consent judgment must be signed and the papers executed within the next 10 days.") That request is problematic.

Ordinarily, a court may compel a party to act in conformity with a court order or judgment approving a settlement. *See generally Johnson v. Dobson*, 230 F.3d 1363 (8th Cir. 2000) (affirming the district court's grant of a motion to compel the plaintiff to comply with the terms of a court approved oral settlement agreement). However, "[w]hen a settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380

(1994)). The parties settlement was not made part of a court order. As such, it is a private agreement, of which the Court is aware, but which the Court cannot enforce, under the current circumstances, *in this action*. *See Shaz*, 677 F.3d at 1281.

It is axiomatic that a judgment is "a decision upon a cognizable claim for relief." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). To enjoy the benefit of being such an enforceable decree, a settlement must be transformed. Indeed,

> [a] settlement is a contract, but when incorporated into a judgment, becomes a court decree. Whether it is a valid contract between the parties is determined by reference to state substantive law governing contracts generally. . . . Whether a settlement agreement, thus tested under state law, has been accepted by a federal court and properly incorporated into a valid and enforceable judgment is purely a matter of federal procedure. Federal courts have the inherent power to enforce settlement agreements entered into by the parties litigant in a pending case, to determine compliance with procedural prerequisites, and to determine when, if ever, a party may repudiate a contractually binding settlement agreement.

*White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986).

The Court's November 23, 2011, order simply recognized that the Court received notice of a settlement. The Court ordered the parties to take additional steps to aid the Court in disposing of the case. The November 23, 2011, order was not a decision on a cognizable claim that was "unambiguous on its face so that

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 9

counsel or a party consulting the docket will have no reasonable basis for doubt as to the nature and effect of what has been done or as to the timeliness of further proceedings." *Danzig v. Virgin Isle Hotel, Inc.*, 278 F.2d 580, 582 (3d Cir. 1960). As such, it is not a judgment. *See Danzig*, 278 F.2d at 582. Without a judgment incorporating the settlement, the Court is without a basis upon which it could compel the defendants to undertake any acts contemplated by the settlement agreement.

Nonetheless, the Court's task is not complete. At issue is whether the parties have entered into a settlement agreement which the Court may approve.[1]

In the Third Circuit, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. ex rel. M.R. v. East*

---

[1] A court may enter judgment approving a recited settlement agreement that covers all terms of the agreement and is a binding contract on the parties. *See Fergus v. U.S. Virgin Islands Dept. of Health*, 2011 WL 6300339, *3 (D.V.I. 2011) (citing *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829, 2007 WL 4811566 (D.V.I. Nov. 20, 2007)).

*Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 Fed. App'x 941, 943 (3d Cir. 2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy Regulatory Comm'n*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001). The local law generally applicable to contracts in the Virgin Islands is the Restatement (Second) of Contracts. *Ventura v. Pearson*, Civ. No. 60-1980, 1980 V.I. LEXIS 88, at *111 n.2 (Terr. Ct. July 31, 1980) (citing V.I. CODE ANN. tit. 1, § 4).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); RESTATEMENT (SECOND) OF CONTRACTS § 17 (1979). Consideration requires a performance or a return promise that has been bargained for. *Id*. Where there is no mutual assent, or

no meeting of the minds, there is no contract. *James v. Fitzpatrick*, 25 V.I. 124, 127 (Terr. Ct. 1990).

"The parties' objective manifestations control in deciding whether they formed a contract by mutual assent." *HSM Constr. Servs., Inc. v. MDC Sys., Inc.*, 239 Fed. App'x 748, 751 (3d Cir. 2007). Manifestations of assent may be made through either words or conduct. *See* RESTATEMENT (SECOND) OF CONTRACTS § 18, 19 (1979). The beginning or tender of performance may also operate as a manifestation of assent. RESTATEMENT (SECOND) OF CONTRACTS § 18 cmt. b (1979).

In *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829 (D.V.I. Nov. 20, 2007), this Court entered judgment on a settlement agreement where the parties had recited the essential terms of the agreement before the Court. *Id.* at *13. After the recitation, the defendants refused to sign a written settlement agreement. *Id.* at *8. This Court held that the recitations of the parties were binding and covered all essential terms. *Id.* at *6-13. Accordingly, this Court entered a judgment approving the settlement agreement. *Id.* at *21.

Here, based on the settlement agreement, the Court finds that the parties agreed to the following terms:

1. The parties reached a resolution.

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 12

    2. The defendants agreed to pay a sum of $318,000 to the Sanghavi in agreed upon installments:

        a. $5,000 was to be paid on November 8, 2011.
        b. $5,000 was to be paid on November 30, 2011.
        c. $10,000 was to be paid on December 15, 2011.
        d. Four payments of $14,500 were to be made on January 15, February 15, March 15, and April 15, 2012.
        e. The remaining balance is to be paid in $12,000 installments over 20 months.

    3. If the defendants paid $270,000 by December 10, 2011, Sanghavi would consider the defendants' debt paid in full.

    4. If the defendants failed to make any of the scheduled payments, Sanghavi could execute immediately on a $461,636.60 consent judgment.[2]

    5. The parties agreed to pay their own attorney's fees and costs.

(Nov. 7, 2011, Mediation Tr.)

The parties personally accepted and agreed to the terms of the settlement on the record. The parties' oral acceptance evidences the parties' meeting of the minds and mutual assent to those terms. *See, e.g.*, *Tracy v. Kimberly-Clark Cop.*, 74 Fed. App'x 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) ("To be enforceable, a

---

[2] The parties referred to a proposed consent judgment for $461,636.60. The Court notes that there is no proposed consent judgment which has been signed by all parties on the record. That deficiency is discussed more fully in subsection B of this opinion.

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 13

settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and internal quotation marks omitted). The defendants' partial performance supports this conclusion. *See, e.g.*, *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997) (explaining that partial performance of a contract is evidence that "parties intended to be bound by a settlement agreement in the absence of a document executed by both sides.") (internal citation omitted).

    Moreover, the agreement was supported by consideration on both sides, as the resolution of the dispute was tied to the defendants' obligations to make payments. *See, e.g.*, *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, No. 04-4390 (JAP), 2006 U.S. Dist. LEXIS 87518 at *7 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500.").

*Sanghavi v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion
Page 14

Here, like in *Wyndham*, the essential terms of the settlement agreement were recited on the record. Both parties agreed to those terms, and the defendants have paid Sanghavi $15,000. Because the recited agreement covers all essential terms, it is a binding contract on the parties and may be approved by this court. As such, an appropriate judgment approving the settlement agreement will be entered.

### B. Motion to Enter Consent Judgment

Sanghavi filed a document captioned as "Plaintiff's Motion to Enter Judgment." (ECF No. 40). In the text of the document, Sanghavi "moves this Court to enter the Consent Judgment agreed upon by the parties and prepared by Plaintiff pursuant to the mediation held November 7, 2011." *Id.*

Consent judgments "are entered into by parties to a case after careful negotiation has produced agreement on their precise terms." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). "Indeed, it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986). A consent judgment must be rendered in accordance with due process. *See Garcia Financial Group, Inc. v. Virginia Accelerators Corp.*, 3 Fed. Appx. 86, 89 (4th Cir. 2001) (affirming the district court's

entry of a consent judgment). Specifically, it must be "entered upon joint motion of the parties" and "signed by both parties." *Id*.

Here, Sanghavi's counsel briefly mentioned the existence of a proposed consent decree during the November 7, 2011, mediation proceedings. Specifically, she stated that the "plaintiff has agreed to accept from the defendant, consent judgment in the amount of $461,636.60 against. . ." the defendants. (Nov. 7, 2011, Mediation Tr. 16:09:40-58). Counsel for Sanghavi stated, "I will draft the papers – and the consent judgment must be signed and the papers executed within the next 10 days." *Id*. at 16:12:40.

There is no record evidence of a proposed consent judgment signed by all of the parties. In fact, Sanghavi concedes in its motion papers that the defendants have not signed a proposed consent judgment. The Court cannot enter, as a judgment of the Court, a document that purports to be a proposed consent judgment, which is not signed by all intended parties to the proposed judgment. *See generally Garcia*, 3 Fed. Appx. at 89. As such, Sanghavi's motion for entry of judgment on an unsigned document that purports to be a consent judgment will be denied.[3]

---

[3] Of course, the defendants' conduct in not executing a proposed consent judgment as agreed during the November 7, 2011, mediation proceedings may

### IV. CONCLUSION

Sanghavi has demonstrated the existence of a valid settlement agreement.

An appropriate judgment approving the settlement follows.

                                              S\_____
                                              **Curtis V. Gómez**
                                                 **Chief Judge**

---

rise to a breach of contract claim. If so, such a claim is appropriately left for resolution in a state or territorial court. *See generally Kokkonen*, 511 U.S. at 380-81, 82 (explaining that enforcement of a contract claim is a matter for state courts).