```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

SANGHAVI JEWELS, INC.,              )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    Civil No. 2011-30
                                    )
JAD M. SHALHOUT and AYIHAM          )
ENTERPRISES, INC. d/b/a SPECTRUM    )
JEWELERS,                           )
                                    )
            Defendants.             )
                                    )
```

ATTORNEYS:

**Karin A. Bentz, Esq.**
Law Office of Karin Bentz, P.C.
St. Thomas, VI
   *For Sanghavi Jewels, Inc.*

**Arturo R. Watlington, Jr., Esq.**
Law Offices of Arturo Watlington
St. Thomas, VI
   *For Jad M. Shalhout and Ayiham Enterprises, Inc. d/b/a Spectrum Jewelers.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, J.**

Before the Court is the motion of Sanghavi Jewels, Inc., to recover $14,436.42 in attorney's fees and costs from Jad M. Shalhout and Ayiham Enterprises, Inc. d/b/a Spectrum Jewelers.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action commenced on March 3, 2011, when Sanghavi Jewels, Inc. ("Sanghavi Jewels") filed a complaint in this Court against Jad M. Shalhout and Ayiham Enterprises, Inc. d/b/a

*Sanghavi Jewels v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion and Order
Page 2

Spectrum Jewelers (collectively, the "defendants"). In its complaint, Sanghavi Jewels brought claims for breach of contract and unjust enrichment.

On November 7, 2011, Sanghavi and the defendants entered into a settlement agreement in this action. Subsequently, the Court entered a judgment approving the parties' settlement agreement and retained jurisdiction over the matter for 60 days to enforce the settlement agreement. Within the 60-day time frame, Sanghavi Jewels moved to enforce the judgment against the defendants. On June 28, 2013, the Court granted Sanghavi Jewels's motion and ordered the defendants to pay $446,636.60 to Sanghavi Jewels.

## II. DISCUSSION

Title 5, section 541 of the Virgin Islands Code provides:

> Costs which may be allowed in a civil action include:
>
> > (1) Fees of officers, witnesses, and jurors;
> > (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> > (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> > (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> > (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
> > (6) Attorney's fees as provided in subsection (b) of this section.

*Sanghavi Jewels v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion and Order
Page 3

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id*. at (b).

### III. ANALYSIS

#### A. Costs

Sanghavi Jewels seeks reimbursement for a total of $561.12 in costs. Sanghavi Jewels asserts that it incurred the following expenses:

```
1. Computer Research                              $20.08
2. Postage                                         $0.64
3. Photocopying                                  $446.95
4. Court Reporter Fees                            $67.90
5. Transcript Cost                                $25.55
```

(ECF No. 58-3.)

"[T]he general federal caselaw rule [is] that there is no fee or cost shifting except as authorized by statute or rule." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975)). Section 541 allows awards for photocopying only if the photocopied documents are to be used as evidence in a trial. V.I. CODE ANN. tit. 5 § 541(a)(5). (providing for reimbursement of "[n]ecessary expense of copying any public record, book, or document used as evidence in the trial"). The statute does not

authorize cost shifting for general photocopying expenses. Accordingly, Sanghavi Jewels's claims for photocopying will not be allowed. Section 541 authorizes an award for postage used for the purpose of serving summons or notices. V.I. CODE ANN. tit. 5, § 541(a)(3). Because Sanghavi Jewels has not specified what this postage was used for, the Court will not allow reimbursement. Section 541 authorizes an award for "Fees of officers, witnesses, and jurors," but does not allow reimbursement of costs of transcripts. V.I. CODE ANN. tit. 5, § 541(a)(1). As such, Sanghavi Jewels's claim for transcript costs will not be allowed.

### B. Attorney's Fees

To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware*

*Sanghavi Jewels v. Shalhout, et al.*
Civil No. 2011-30
Memorandum Opinion and Order
Page 5

*Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986).

Applying the standard outlined above, the Court finds that some of the $13,875.30 claimed in attorney's fees and costs was not reasonably expended. For instance, on November 20, 2012, the defendants filed a motion to enforce the settlement agreement. Sanghavi Jewels seeks approximately $2,577 for its efforts. The 2.5-page motion discusses some legal authority, but is essentially a list of the settlement agreement's terms. Such instances of excessive billing will be reduced. *See, e.g., Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . .").

Additionally, fee reductions may be necessary when billing records offered in support of a fee petition are not sufficiently specific. Extensive documentation is not required in order for a party to provide a district court with sufficient information. Rather, "specificity should only be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (*quoting Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).

> [A] fee petition should include some fairly definite
> information as to the hours devoted to various general

>  activities, e.g., pretrial discovery, settlement negotiations …. However it is not necessary to note the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

*Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The Court also notes that a few of the entries feature a list of varied activities. For instance, there is an entry with the following detail:

> Draft Plaintiff's Motion to enter Judgment, determine and assemble Exhibits, draft Judgment, and conduct correspondence with K. Bentz, Esq.

(2/28/2012 Matter Ledger Report for Sarah R. Smith, ECF No. 58-2). The entry shows 1.8 hours billed at a value of $360. The lumping of activities in this way is disfavored. *See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F. Supp. 459, 463 n.6 (D.V.I. 1991). To the extent that the Court considers the time associated with a lumped entry to exceed the time reasonable for the completion of those various tasks, the Court will reduce the fees associated with such entries.

Sanghavi Jewels also seeks reimbursement for conferences and communications between its own attorneys and legal staff. The Court finds that some of the intra-office conferences

between the attorneys and staff representing Sanghavi Jewels are excessive and will reduce or exclude entries associated with such conferences. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998) ("Multiple lawyer conferences, not involving opposing counsel . . . involve duplicative work."); *Staples v. Ruyter Bay Land Partners, LLC*, Civ. No. 2005-11, 2008 U.S. Dist. LEXIS 9359, at *5 (D.V.I. Feb. 6, 2008).

The Court also notes that the issues in this case were not novel; indeed, the issues were "relatively commonplace." *See Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.") (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). Consequently, the Court will reduce the fee award to reflect those facts. *See Home Depot, U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion.") (internal citation omitted).

## IV. CONCLUSION

The Court will reduce the costs and fees award to reflect the circumstances outlined above.

The premises considered, it is hereby

**ORDERED** that Shalhout and Ayiham Enterprises, Inc. d/b/a Spectrum Jewelers are jointly and severally liable to Sanghavi Jewels for attorney's fees and costs in the amount of $11,574.15.

S\_____

**Curtis V. Gómez**
**District Judge**